UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLADYS DEDRICK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2561** |
| **ADMIRAL INSURANCE COMPANY, ET AL.** | **SECTION "O"** |

ORDER AND REASONS

Before the Court in this wrongful-death case removed based on diversity jurisdiction is Plaintiff's motion to remand. Because Defendants fail to carry their burden to establish complete diversity, the motion to remand is **GRANTED**.

## I.  BACKGROUND

This wrongful-death case arises from the murder of Plaintiff Gladys Dedrick's ("Plaintiff") sister, Kimberly Delay, by an unknown assailant at the Willows, an apartment complex in New Orleans East.[1] The MOF Group[2] owned and operated the Willows,[3] Candren Lemieux managed it,[4] and Admiral Insurance Company provided liability insurance for it.[5] Admiral is not a Louisiana citizen.[6] Nor is any member of the MOF Group.[7] Plaintiff and Lemieux are both Louisiana citizens.[8]

---

[1] *See generally* ECF No. 1-3 (operative amended petition).
[2] The MOF Group refers collectively to MOF-Preservation of Affordability Corp.; MOF-Willows LLC; PAC Housing Group LLC; GMF-Parc Fontaine LLC; and Multi-Family Risk Management Group. ECF No. 1-3 at ¶ VI. Of this group, only MOF-Willows LLC and PAC Housing Group LLC remain as defendants.
[3] *Id.*
[4] *Id.* at ¶ VII.
[5] *Id.* at ¶ XXIII.
[6] ECF No. 1 at ¶ 12.
[7] *Id.*
[8] ECF No. 1 at ¶ 11 (Dedrick); ECF No. 1-3 at ¶ II(6) (Lemieux).

Plaintiff sued Lemieux and the MOF Group in Orleans Parish Civil District Court in October 2023 on state-law theories.[9] Plaintiff's original petition requested service on Lemieux.[10] The Jefferson Parish Sheriff's Office tried—but failed—to serve Lemieux with the original petition at the address provided by Plaintiff's investigator.[11] A resident told the process server that Lemieux no longer lived there.[12]

Plaintiff amended her petition in November 2023 to add Multi-Family Risk Management Group as a defendant.[13] Like the original, the amended petition requested service on Lemieux.[14] But Plaintiff's counsel did not promptly pay for service of the amended petition. According to Plaintiff, her counsel failed to realize that she had not paid for service of the amended petition because the bill was delivered to her co-counsel.[15] As a result, Plaintiff did not try to serve Lemieux with the amended petition until late October 2024—nearly a year after the amended petition was filed, and four days after this case was removed.[16]

Between filing the amended petition in November 2023 and trying to serve Lemieux with it in October 2024, counsel for Plaintiff discussed stipulations and exchanged discovery with counsel for Lemieux. During that period, Plaintiff voluntarily dismissed her claims against some Defendants,[17] but not Lemieux. Also

---

[9] *See generally* ECF No. 1-2 (original petition).
[10] *Id.* at 7.
[11] ECF No. 15-4 at 3.
[12] *Id.*
[13] *See generally* ECF No. 1-3.
[14] *Id.* at 8.
[15] ECF No. 15-2 at 3.
[16] ECF No. 9.
[17] Dedrick voluntarily dismissed without prejudice her claims against MOF-Preservation of Affordability Corp. and GMF-Parc Fontaine, LLC. ECF No. 15-9 at 3.

2

during that period, Lemieux's counsel wrote Plaintiff's counsel "I don't see that Mr. [Lemieux] was ever served with the lawsuit," and that "[i]f and when he is served, I will respond on his behalf."[18] (The record does not include Plaintiff's counsel's response, if any, to Lemieux's counsel's email about service.) Plaintiff also issued some discovery ostensibly aimed at uncovering facts about Lemieux and his alleged failure to release some of Delay's belongings to Plaintiff after Delay's death.[19]

Invoking diversity jurisdiction, 28 U.S.C. § 1332(a)(1), two members of the MOF Group—MOF-Willows, LLC and PAC Housing Group, LLC—removed the case to this Court in October 2024—exactly one year after Plaintiff sued in state court.[20] As for complete diversity, MOF-Willows and PAC Housing Group contended that the Court should "ignore[ ]" the Louisiana citizenship of the nondiverse Defendant, Lemieux, because Dedrick "does not intend to pursue" her claims against Lemieux and he was "improperly joined . . . solely to defeat this Court's subject matter jurisdiction."[21] As support, MOF-Willows and PAC Housing Group pointed out that Plaintiff had "not sought to serve" Lemieux with the original or amended petition since December 2023, when Plaintiff's counsel "requested, but failed to pay for, service" on Lemieux.[22]

---

[18] ECF No. 15-11 at 1.
[19] *See, e.g.*, ECF No. 15-10 at 14 (seeking Lemieux's employee file); *id.* at 5 (seeking information related to the allegation that Lemieux failed to turn over Delay's belongings to Dedrick).
[20] ECF No. 1 (October 26, 2024 notice of removal); *see also* ECF No. 1-2 (October 26, 2023 original petition).
[21] ECF No. 1 at ¶ 13.
[22] *Id.*

Five days after removal, Plaintiff again sought to serve Lemieux.[23] But her efforts to serve him again failed. In response to an order[24] directing her to show cause why she had not yet served Lemieux, Plaintiff explained that she remained "unsuccessful in serving the remaining Defendant, Candren Lemieux[.]"[25] Plaintiff requested additional time to "continue to attempt to serve Mr. Lemieux and/or resolve his appearance through counsel."[26] Plaintiff failed to return executed summons by the Court's September 4, 2025 deadline.[27]

Plaintiff moves to remand. She asserts that there is not complete diversity because Lemieux is a Louisiana citizen.[28] The two remaining defendants—MOF-Willows and PAC Housing Group ("Defendants")—oppose.[29] They argue that Plaintiff's failure to serve Lemieux shows she has abandoned her claim against him.[30]

## II.   ANALYSIS

### A. Motion to Remand

The Court remands this case to Orleans Parish Civil District Court under 28 U.S.C. § 1447(c). That is because Defendants fail to carry their burden to show that there is complete diversity. 28 U.S.C. § 1332(a)(1).

---

[23] ECF No. 9-1 at 1.
[24] ECF No. 22. The Court's Order to Show Cause also directed Dedrick to obtain responsive pleadings or preliminary defaults on Defendants Admiral Insurance Company and Multi-Family Risk Management Group. Dedrick moved to voluntarily dismiss Admiral Insurance Company and Multi-Family Risk Management Group without prejudice shortly thereafter. ECF Nos. 23 and 25. The Court granted both motions. ECF Nos. 24 and 26.
[25] ECF No. 27.
[26] *Id.*
[27] ECF No. 31.
[28] ECF No. 15-2.
[29] The remaining Defendants are now MOF Willows LLC and PAC Housing Group LLC.
[30] ECF No. 5.

A defendant may remove a civil case from state court to this Court if this Court would have original jurisdiction. *See* 28 U.S.C. § 1441(a). The Court has original jurisdiction based on diversity of citizenship over civil cases between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). Complete diversity exists when no plaintiff shares a state of citizenship with any defendant. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). A case removed based on diversity must have been removable at the time it was filed in state court; post-filing changes in a party's citizenship do not affect the analysis. *Gibson v. Bruce*, 108 U.S. 561, 563 (1883). Here, the parties agree that removal was improper at the time the case was filed in state court because both Plaintiff and Lemieux are Louisiana citizens.[31]

A case that was initially nonremovable, however, may later become removable through the dismissal of all nondiverse parties. *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000). "The dismissal of the nondiverse parties must be certain, but it need not be formal and final." *Poche v. Eagle, Inc.*, 2015 WL 7015575, at *3 (E.D. La. Nov. 10, 2015) (citing *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995), *abrogated on other grounds by Padilla v. LaFrance,* 907 S.W.2d 454, 460 (Tex. 1995)). A case that is "'non-removable on its initial pleadings can only become removable pursuant to a voluntary act of the plaintiff,'" such as a decision to enter into a settlement. *Id.* (citation omitted). But if the non-diverse party

---

[31] ECF No. 17 at 2; ECF No. 15.

is dismissed "by means involuntary to the plaintiff, such as by a motion for summary judgment, the case does not become removable." *Id.* "The Fifth Circuit has recognized two situations in which the plaintiff's voluntariness is irrelevant: (1) when the court dismisses a claim against a nondiverse defendant based on fraudulent joinder and (2) when the state court severs the claims against improperly joined nondiverse defendants, rendering the action against the diverse defendant removable." *Id.* (citing *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 533 (5th Cir. 2006)).

Here, Defendants expressly abandon the argument that Lemieux was improperly joined to defeat diversity.[32] *See id.* And the state court has not severed the claims against any improperly joined nondiverse defendant. *See id.* This case may only be removable, therefore, pursuant to an act by the plaintiff leading to the dismissal of the nondiverse party that is "certain" and "voluntary." *See Poche*, 2015 WL 7015575, at *3. Defendants argue that Plaintiff's failure to pay for the service requested a year ago—and failure to serve throughout the past year—is evidence of voluntary abandonment of her claims against Lemieux.[33]

The Court disagrees. "The fact that a non diverse defendant has not been served, without more, does not entitle a diverse defendant to remove." *Bourque v. Nan Ya Plastics Corp., Am.*, 906 F. Supp. 348, 352 (M.D. La. 1995), *aff'd* 157 F.3d 903 (5th Cir. 1998) (citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 541-42 (1939)). In *Bourque*, the plaintiff directed the clerk to "hold service" on the non-diverse

---

[32] ECF No. 17 at 4 (explaining that "Defendants do not assert" the issue of "fraudulent joinder" at this time).
[33] ECF No. 15 at 4-5.

defendants. *Id.* The court held that the "plaintiff's failure to serve the petition . . . d[id] not amount to a clear and unambiguous act sufficient to constitute a voluntary dismissal or abandonment of his claims against these defendants." *Id.* Here, Plaintiff has twice attempted to request service on Lemieux.[34] Although she failed to promptly pay for service of the amended petition in November 2023, she claims that she has attempted to serve Lemieux since learning of that error after the removal.[35] Just as in *Bourque*, the record here does not permit the Court to conclude that Plaintiff voluntarily or certainly dismissed the nondiverse party. *See id.*; *see also Pullman*, 305 U.S. at 541 ("[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant.") Defendants—as the removing party here—have failed to carry their burden of "showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though it is unclear why Plaintiff continues to fail to serve Lemieux, the Court must construe "[a]ny ambiguities . . . against removal because the removal statute should be strictly construed in favor of remand." *Id.*

### B. Request for Attorneys' Fees

Plaintiff requests attorneys' fees incurred because of the removal.[36] However, Defendants had an objectively reasonable basis for seeking removal due to Plaintiffs'

---

[34] ECF No. 15 at 9-10.
[35] ECF No. 18 at 4; ECF No. 27.
[36] ECF No. 15 at 11-12.

delay in serving Lemieux past the one-year removal deadline. 28 U.S.C. § 1446(c)(1). Therefore, Plaintiff is not entitled to an award of attorneys' fees.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[37] to remand is **GRANTED**. This case is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 15th day of September, 2025.

*[signature]*
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[37] ECF No. 15.